**Opinion filed November 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00054-CR

_____

## JAY WAYLON LUNA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 10172**

## M E M O R A N D U M   O P I N I O N

At a jury trial, Appellant, Jay Waylon Luna, entered a plea of guilty to the charged offense of debit card abuse. The jury, as instructed by the trial court, found Appellant guilty of the offense. The jury assessed Appellant's punishment at confinement for two years in a state jail facility and a fine of $5,000. The trial court ordered Appellant to reimburse the county for court-appointed attorney's fees in the amount of $2,250. We modify the judgment and dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and the appellate record and has advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a pro se response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note, however, that the judgment contains a nonreversible error. The trial court ordered Appellant to pay court-appointed attorney's fees in the amount of $2,250. The record reflects that the trial court had found Appellant to be

---

[1] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

indigent and appointed counsel to represent Appellant. Pursuant to Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order an indigent defendant to pay court-appointed attorney's fees if the trial court determines that the defendant has financial resources that enable him to offset all or part of the costs of the legal services provided to the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). However, court-appointed attorney's fees cannot be assessed against a defendant who has been determined to be indigent unless there is proof and a finding by the trial court that the defendant is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). In this case, the record contains no such proof or finding. Therefore, the trial court erred when it assessed $2,250 in court-appointed attorney's fees against Appellant. This error does not constitute reversible error, and the proper remedy is to modify the judgment to remove the improperly assessed fees. *Cates*, 402 S.W.3d at 252; *Olivas v. State*, No. 11-14-00075-CR, 2014 WL 4536389, at *1 (Tex. App.—Eastland Sept. 11, 2014, no pet.) (mem. op., not designated for publication); *see Griggs v. State*, No. 06-15-00047-CR, 2015 WL 5098973, at *1–2 (Tex. App.—Texarkana Aug. 31, 2015, no pet. h.) (mem. op., not designated for publication); *Juarez v. State*, No. 04-14-00370-CR, 2015 WL 3616125, at *2 (Tex. App.—San Antonio June 10, 2015, no pet.) (mem. op., not designated for publication); *Lamar v. State*, No. 07-13-00213-CR, 2014 WL 1856850, at *1 (Tex. App.—Amarillo May 7, 2014, no pet.) (mem. op., not designated for publication); *Tarver v. State*, No. 02-13-00394-CR, 2014 WL 1510105, at *1–2 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (mem. op., not designated for publication). We modify the judgment of the trial court to delete the $2,250 in court-appointed attorney's fees.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of

Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The judgment is modified to delete the court-appointed attorney's fees; the motion to withdraw is granted; and the appeal is dismissed.

PER CURIAM

November 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.